UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE HILLIARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00496 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Tyrone Hilliard's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [doc. #1].

**I.    PROCEDURAL HISTORY**

On August 25, 2005, Tyrone Hilliard ("Movant") was indicted on three counts, and a superseding indictment was issued on November 8, 2005, adding three additional counts; Count I, for the possession with the intent to distribute more than five grams of cocaine base pursuant to 21 U.S.C. § 841(a)(1), Counts II and V and for felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1), Counts III and VI for possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c) and Count IV, for possession with the intent to distribute more than fifty grams of cocaine base pursuant to 21 U.S.C. § 841(a)(1).[1]

After a jury trial, Movant was found guilty on Counts I, II, IV, V, and VI, and not guilty on Count III. On August 31, 2006, Movant was sentenced to a prison term of 270 months. This sentence consisted of 210 months on each of Counts I and IV, 120 months on each of Counts II

---

[1] Movant's criminal case is Case No. 4:05CR00480 ERW.

and V, to be served concurrently, and a consecutive term of 60 months on Count VI, for an aggregate term of 270 months.

Movant appealed to the United States Court of Appeals for the Eighth Circuit from the judgment of conviction. The Court of Appeals affirmed the conviction on June 15, 2007. *United States v. Hilliard*, 490 F.3d 635 (8th Cir. 2007). Movant did not file a petition for rehearing by the Eighth Circuit or a writ of certiorari in the United States Supreme Court.[2]

Movant raises four grounds for relief in his Petition under 28 U.S.C. § 2255. In his first ground, he asserts that his conviction and sentence were the result of ineffective assistance of counsel. In ground two, Movant asserts that his criminal history was improperly calculated. In ground three, he claims that his conviction and sentence are the result of ineffective assistance of appellate counsel. Finally, in ground four, Movant asserts that he is the victim of an unlawful and unconstitutional search.

## II. RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error

---

[2] 28 U.S.C. § 2255 provides for a one year period from final judgment in which a movant may file a motion pursuant to this section. *See Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009). Movant's time for filing a petition for writ of certiorari expired on September 13, 2007, making the judgment final. *See Clay v. United States*, 537 U.S. 522, 524 (2003). Therefore, Movant had until September 12, 2008 to file the pending Motion. This action was timely filed on April 14, 2008.

2

constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotations and citations omitted).

Section 2255 claims may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the movant can demonstrate either cause for the default and actual prejudice, or actual innocence. *Thomas v. United States*, 2008 WL 380357, at *2 (E.D. Mo. Feb. 11, 2008); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this general prohibition exists where the alleged error constitutes a fundamental defect that results in a "complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985).

### III. EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. The Court notes that Movant's claims are inadequate on their face. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

3

## IV. DISCUSSION

Plaintiff has raised four grounds for relief in his Petition, and the Court will address earh argument separately.

### A. *INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL*

Ineffective assistance of counsel claims may be raised for the first time in a federal district court by a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a movant to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

Under the first prong, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a movant also proves that the deficient performance prejudiced the case. *Id*. at 697. The Court may address the two *Strickland* prongs in any order, and if a movant fails to make a sufficient showing of one prong, the Court need not address the other prong. *See* Strickland, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test."). Movant alleges that counsel provided ineffective assistance in many different ways. Each allegation will be examined in turn.

*GROUND ONE*

a.  **Failure to Request Production of Confidential Informant**

Movant asserts that there actually was no confidential informant, and claims that police entered his home merely based on their assumption that he possessed crack cocaine. He claims that his counsel was ineffective for failing to require the police to produce the confidential informant for *in camera* review. The Government has an interest in protecting the identities of confidential informants, and as a result Movant would have had to have shown "that he had a clear need for the informant's identity, weighed against the government's interest in protecting confidential informants' identities." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1052 (8th Cir. 2007) (citing *United States v. Lapsley*, 334 F.2d 762, 763-64 (8th Cir. 2003)). "[T]here must be a reasonable probability that the evidence would change the outcome." *Id.* This is an extremely high standard. Movant fails in his burden to show a clear need for the informant's identity. Measured against the Government's interest in protecting confidential informants' identities, the likelihood of success in obtaining that information is remote. The second prong of the *Strickland* test asks whether "counsel's deficient performance prejudiced the defense." 466 U.S. at 687. Because counsel's request for the informant's identity would likely have been rejected, Movant cannot claim that his defense was prejudiced by his counsel's failure to raise this argument. The second prong of the *Strickland* test is not satisfied, and this claim will be denied.

b.  **Failure to Object to Initial Search of the Residence**

Movant states that his girlfriend, Ms. Cole called the police and permitted police to search his home. He asserts that she did not reside in the house, and did not have the authority to permit the police to search the house. Movant asserts that his counsel should have raised this issue to show that the search was unconstitutional. This claim fails because Movant does not allege that

5

Ms. Cole actually told the police that she did not reside at that home. "Even if the police make a mistake of fact about the third party's authority over the premises, the search will be legal if the circumstances lead the police reasonably to believe that they have the consent of a third party with common authority." *United States v. Almeida-Perez*, 549 F.3d 1162, 1169-70 (8th Cir. 2008) (citing *Illinois v. Rodriguez*, 497 U.S. 177, 184-86 (1990)). *See United States v. Nichols*, 574 SF.3d 633, 636 (8th Cir. 2009) (a sufficient relationship to the premises is adequate for consent; no property interest in the property by a third party is required; consent rests on mutual use; one having joint access can give consent and if officers reasonably rely on consent. While Movant asserts that Ms. Cole did not have authority, he has not introduced any evidence showing that the police did not reasonably believe they had received consent to search from a person with common authority. As a result, Movant's counsel was not ineffective, because even if he had raised this argument, it would have failed, and his failure to raise the argument did not prejudice the defense. *See Strickland*, 466 U.S. at 687. This point will be denied.

c.  **Failure to Object to Hearsay Testimony**

Movant asserts that his counsel was ineffective because "witnesses for the Government alluded to statements made by other people . . . throughout the suppression hearing and at the trial, although those individuals were not present for cross-examination." He asserts that his counsel should have objected to this testimony as hearsay. However, the fact that these individuals alluded to statements made by other people does not automatically result in the conclusion that these statements were hearsay. Statements are only hearsay if they are presented for the truth of the matter asserted, and nowhere in his Petition does Movant assert that these statements were presented for the truth of the matter asserted. As a result, the Court cannot conclude that Movant's counsel was ineffective for failing to challenge these statements because

6

Movant has not demonstrated that these statements were hearsay. Counsel's failure to object to non-hearsay statements is not ineffective assistance of counsel. This point will be denied.

**d.      Failure to Request Jencks Act Material**

Movant claims that counsel was ineffective for failing to request Jencks Act material to use in the cross examination of witnesses. The Eighth Circuit has considered similar claims and has found that relief should be denied for alleged "Jencks Acts violations because such a claim was not cognizable under 28 U.S.C. § 2255." *Wilson v. United States*, 554 F.2d 893, 894 (8th Cir. 1997) (internal citations omitted). There is no showing that Movant was denied any material in the possession of the Government. This rationale cannot provide a basis for a claim of ineffective assistance of counsel, and will be dismissed.

**e.      Failure to Challenge "Taint of the Evidence"**

Movant asserts that the first time police officers entered and searched his home, one officer placed the firearm and drugs in his pocket, and destroyed the ability of the defense to check this evidence for fingerprints.[3] Movant asserts that this tainted the evidence, and that his counsel was ineffective for failing to move for the suppression of this evidence based upon this taint.

This argument fails because even if counsel had challenged this evidence, the investigation established that there was no question as to ownership of the weapon and drugs. Movant proffers no evidence either by way of witnesses, documents or otherwise to support his claim. Witnesses were available to prove that these items belonged to Defendant. As a result, Counsel's argument

---

[3] Movant also asserts that his counsel was ineffective because he failed to secure funds to have these items fingerprinted, and that this would have shown "fingerprints not belonging to the defendant." This argument fails because Movant here states that any fingerprint evidence was destroyed by the handling of this evidence. As a result, Movant's defense suffered no prejudice from not having these items examined.

would not have affected the outcome, and his failure to make this argument did not prejudice the defense. *See Strickland*, 466 U.S. at 687. Regarding his confession as it relates to this issue, Movant asserts, under this point, that his confession was a forgery, that he never made incriminating statements, and that the evidence found in the second search of his home could have been placed there by someone else. He asserts that his counsel was ineffective for failing to raise these arguments. Counsel is not required to perform meaningless acts. Government witnesses were available to support the voluntariness of Defendant's statements. Raising these arguments would not have affected the outcome of the trial, and did not prejudice Movant's defense. This point will be denied.

**f.     Failure to Challenge 100 to 1 Ratio**

Movant claims that his counsel was ineffective because he failed to object to the 100 to 1 ratio applied to crack cocaine cases. He states that the mandatory application of this ratio is unconstitutional. This argument fails because the ratio was not treated as mandatory by the Court. At Movant's sentencing, the Court stated:

> All right. Would you come forward, Mr. Jerome Hilliard, please?
> I want to talk a little bit about the present status of the *United States Sentencing Guidelines* because that has changed in the last couple of years. In 1984 the United States Sentencing Commission issued guidelines for judges to follow in determining the sentence in a criminal case. On January the 12th, 2005, the United States Supreme Court decided that the *Guidelines* were, in part, unconstitutional and that, thereafter, they would only be applied in an advisory and not in a mandatory manner. However, the Courts are instructed still to make calculations under the *Guidelines* and arrive at a guideline range and to consider the guideline range along with other factors at the time of sentencing.

(Sentencing Tr. P.5 L.12 - P.6 L.1). The Court considered the ratio, as it was required to do by the Eighth Circuit, which has stated that "the district court may not categorically reject the ratio set forth by the Guidelines." *United States v. Judon*, 284 F.App'x. 371, 372 (8th Cir. 2008) (quoting *United States v. Spears*, 533 F.3d 715, 717 (8th Cir. 2008)). The Court was aware that

it would consider the disparity between powder cocaine and crack cocaine and make a sentencing reduction relying on the facts in 18 U.S.C. §3553(a). The Court chose not to make such a reduction. The Court properly considered this ratio at sentencing, and Movant's counsel was not ineffective for failing to make an argument that would not have been successful. This point will be denied.

**g.      Failure to Object to Guidelines Sentence**

Movant also claims that his counsel was ineffective because he failed to object to Movant's sentence as unconstitutional because of the Court's consideration of the sentencing guidelines. As the Court stated above, the guidelines are properly considered by the Court at sentencing. *See Judon*, 284 F.App'x. 371. It would be procedural error to not consider the guidelines when imposing a sentence. *See Gall v. United States*, 552 U.S. 38 (2007). As a result, counsel was not ineffective, and his failure to make this objection does not satisfy either prong of the *Strickland* test. This point will be denied.

**h.      Failure to Make Novel Article V Argument**

Movant asserts that counsel was ineffective for failing to make the novel argument that the firearm charges under 18 U.S.C. § 922(g)(1) were unconstitutional because they represent a constructive amendment to the Constitution. Movant himself states that this argument would have been novel, which is a clear basis for the denial of this claim. The Court must view counsel's conduct "as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel cannot be deficient for failing to argue a point that is contrary to controlling law, and failing to make this novel argument is not ineffective. This point will be denied.

**i.      Failure to Argue that Titles 18 and 21 Were Never Passed by Congress**

Movant asserts that these statutes are based upon the jurisdictional provision in 18 U.S.C. § 3231, which was never passed by Congress. Movant asserts that Titles 18 and 21 are therefore void. He asserts that his counsel had a duty to investigate the legitimacy of these laws, and his failure to challenge these statutes was ineffective assistance of counsel. This claim has been rejected by other courts as frivolous. *See United States v. Potts*, 251 F.App'x. 109, 111 (3d Cir. 2007). "The 1948 amendment to that statute, Public Law 80-722, passed both houses of Congress and was signed into law by President Truman on June 25, 1948." *Id.* (citing *United States v. Risquet*, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006). This statute was properly enacted and binding, and this claim fails. This point will be denied.

**j.      Failure to Contest Judge's Determination of Drug Quantity**

Movant asserts that the drug quantity is an essential element of the crimes with which he was charged, and he asserts that the quantity should have been determined my a jury. He states that his counsel was ineffective in failing to challenge the Court's conclusion on drug quantity at sentencing. The premise behind Movant's argument is incorrect. It is well settled "that in crimes charged under 21 U.S.C. § 841, the quantity of the drug involved is not an element of the offense to be determined by the jury beyond a reasonable doubt." *Galviz Zapata v. United States*, 431 F.3d 395, 398 (2d Cir. 2005) (internal citations omitted). Because drug quantity is properly determined by the Court, Movant's claim will be denied.

**k.      Failure to Object to District Court's Preponderance of the Evidence Standard**

Movant claims that his counsel was ineffective when he failed to challenge "the district court's preponderance of the evidence fact finding process at sentencing." This argument fails because the preponderance of the evidence is the correct standard for the Court to use. *See Blakely v. Washington*, 542 U.S. 296 (2004). Had counsel made this argument, he would not

10

have been successful, and as a result, his failure to raise this argument did not prejudice Movant's defense. This point will be denied.

**l.      Failure to Request a Poll Sheet**

Movant asserts that his counsel was ineffective because he failed to request a grand jury poll sheet. He states that poll sheets are "required by Rule 6 of the Federal Rules of Criminal Procedure, showing that the indictment was signed by the required number of grand jurors necessary to return a valid indictment." Additionally, later in his Petition, Movant states that his counsel failed to require the United States to provide him with a signed copy of the indictment or investigate whether the indictment was returned by twelve grand jurors.

Fed. R. Crim. P. 6 does not require what Movant asserts. This Rule does state that the grand jury foreperson "will sign all indictments" and "will file the record with the clerk, but the record may not be made public unless the court so orders." Fed. R. Crim. P. 6(c). This document is generally not made public, and as a result, Movant is incorrect that his counsel should have been alerted by its absence that the required number of grand jurors did not return his indictment. Counsel's conduct in not requesting this document certainly falls "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This point will be denied.

**m.     Failed to Call Movant to Testify in his Own Defense**

Movant also claims that his counsel was ineffective because failed to call Movant as a witness. Because the decision not to testify at trial is Constitutionally guaranteed, it is a decision that only the defendant can make. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The transcript demonstrates that Movant consulted with his attorney and made the decision not to testify:

> THE COURT: You may be seated, please. And you're not obviously required to answer this question, Mr. Butts, I'm just asking in the interest of determining whether there should be any questions asked of the defendant in this case. Has a decision been made as to whether or not the defendant will be testifying in the case?

MR. BUTTS: Could I have a minute?
THE COURT: Sure, absolutely.
(There was a conference held off the record.)
MR. BUTTS: Judge, after some discussions, Mr. Hilliard will not testify. Defense would not call any witnesses.
THE COURT: All right. I would like to ask, and he may answer from there, a couple of questions of Mr. Hilliard. First of all, Mr. Hilliard, you are not required to answer any of my questions. Do you understand that, sir?
THE DEFENDANT: Yes.
THE COURT: What I'd like to do is ask a couple questions and then I'd like for you to wait a minute before you answer to give Mr. Butts an opportunity to object if he cares to do so. Is that okay with you?
THE DEFENDANT: Yes.
THE COURT: I need to know just generally, have you and Mr. Butts talked about whether you will be testifying in this case?
THE DEFENDANT: Not really. We just talked now.
THE COURT: And what's your answer, sir? Have you talked about whether or not you will be testifying? Just yes or no.
THE DEFENDANT: Yes.
THE COURT: All right. Have you had sufficient time with Mr. Butts to discuss that proposition or that issue?
THE DEFENDANT: No.
THE COURT: You have not?
THE DEFENDANT: No.
THE COURT: Then we'll take some more time for you to discuss it.
MR. BUTTS: Okay.
(There was a conference held off the record.)
MR. BUTTS: Judge, Mr. Hilliard has made a decision not to testify.
THE COURT: All right. I need -- let me kind of tell you why I'm asking you these things. Over the course of doing this for awhile, you and I don't get the chance to talk, you understand that?
THE DEFENDANT: Yes.
THE COURT: And I don't really know, you know, what you're thinking about. And this is, if not the most important day in your life, it's one of the most important days in your life. And it's important to me to know that when you're here that you feel like that your interests are being protected and so that's why I'm asking these questions. And you don't have to answer. You have the right under the Fifth Amendment to say nothing. If you want to, it's okay. If you don't, that's fine. But what I want to know is the other question, obviously I know now you have discussed something over there, has it been about whether or not you should testify in this case?
THE DEFENDANT: Yes.
THE COURT: Okay. Have you had enough time to discuss the matter with Mr. Butts? Because I'm telling you, we'll give you whatever time you need to do that. Have you had enough time?
THE DEFENDANT: We had enough time.
THE COURT: Okay. Is that your decision based on his advice to you?

> THE DEFENDANT: Well, yes.
> THE COURT: Okay. All right. I don't want you to say anything else, except if you want to say anything else, tell Mr. Butts so he can relay it to me. I don't want you to say anything that might possibly be used against you. So if there's anything else you want to say at this time, please tell Mr. Butts and he'll tell me, okay.
> THE DEFENDANT: I have nothing else to say.
> THE COURT: Okay. All right. I'm satisfied, thank you, sir. I appreciate you answering my questions.

(Trial Tr. Vol. 2 P.89 L.5 - P.92 L.6). The transcript demonstrates that Movant was well aware of the significance of his decision. This is trial strategy, and when trial strategy is at issue, the Court must presume that effective assistance was provided, "and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne*, 78 F.3d at 345. The evidence shows that Movant freely made a well-informed decision on testifying, and this claim also fails.

### n.     Failure to Contest Improper Calculation of Criminal History

Movant asserts that his four prior sentences were one-year sentences, and he claims that they should not have been included in his criminal history calculation because they were not for terms of imprisonment of more than one year. He asserts that his counsel was ineffective for failing to make this argument at sentencing. In making this argument, it appears that Movant has misread the provision of the sentencing guidelines on which he relies. Convictions of this type "are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." USSG § 4A1.2(c)(1). Movant's one-year sentences certainly meet this standard as they were for longer than thirty days, and they were correctly included in his criminal history calculation. As a result, there was no error, and Movant's counsel was not ineffective for failing to make this challenge, and Movant suffered no prejudice. This point will be denied.

### *GROUND TWO - IMPROPER CALCULATION OF CRIMINAL HISTORY*

In this ground for relief, Movant states that he had four prior sentences for offenses involving driving without a license or driving with a revoked or suspended license. He asserts that he received one-year sentences for each of these offenses, and claims that they should not have been counted in his criminal history calculation because they were not "term[s] of imprisonment of 'more than' one year." As the Court discussed in (14) above, there was no error in counting these sentences in Movant's criminal history calculation. This ground will be denied.

### *GROUND THREE - INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL*

Movant asserts that his appellate counsel was ineffective because he failed to raise several issues on appeal; (1) the improper calculation of Movant's criminal history category, (2) that 18 U.S.C. § 3231 was not enacted by Congress, (3) the 100 to 1 ratio, (4) the use of the sentencing guidelines, (5) that § 922(g)(1) violates Article V and (6) the lack of a poll sheet. The two-prong *Strickland* test is also applied at the sentencing stage to determine if there is ineffective assistance of counsel. *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

The Court addressed each of these claims under Ground One above, and concluded for each claim, that Movant's allegations were unsupported in fact or by law or were frivolous. The things Movant alleges either did not happen or if they did occur, they are permitted. As a result, just as his trial counsel did not error in failing to raise these claims, Movant's appellate counsel also did not provide ineffective assistance when he failed to raise these claims. They would not have been successful, and as a result, Movant did not incur prejudice and the second prong of *Strickland* is not satisfied. This ground will be denied.

### *GROUND FOUR - UNCONSTITUTIONAL SEARCH*

In his final ground for relief, Movant asserts that Ms. Cole did not have the authority to consent to the first search of his home, and he states that this search was unconstitutional. For all

of the reasons cited under Ground One(b) above, this ground will be denied. As noted above, "[e]ven if the police make a mistake of fact about the third party's authority over the premises, the search will be legal if the circumstances lead the police reasonably to believe that they have the consent of a third party with common authority." *Almeida-Perez*, 549 F.3d at 1169-70 (citing *Rodriguez*, 497 U.S. at 184-86). While Movant asserts that Ms. Cole did not have authority, he has not introduced any evidence showing that the police did not reasonably believe they had received consent to search from a person with common authority. This ground will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims that were raised in Movant's § 2255 Motion.

Dated this 22nd day of September, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE